UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| W.J. GUERRERO JIMENEZ, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. 26-cv-14200-ADB |
| MARKWAYNE MULLIN, et al., | * | |
| Respondents. | * | |

**ORDER**

BURROUGHS, D.J.

Before the Court is Petitioner W.J. Guerrero Jimenez's petition for writ of habeas corpus, [ECF No. 1], and the government's emergency motion to transfer Petitioner, [ECF No. 8].

At the September 17, 2026, status conference, counsel for Respondents conceded that the legal issues presented in the Petition are similar to those recently addressed by the First Circuit in Guerrero Orellana v. Moniz, No. 25-2152, 2026 WL 2352042, at *1 (1st Cir. Aug. 13, 2026), and by this Court in Morales v. Plymouth County Correctional Facility. In Guerrero Orellana, the First Circuit "join[ed] the Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits in holding that noncitizens . . . who are present in the United States without admission are not subject to [8 U.S.C.] § 1225(b)(2)(A)'s mandatory detention provision, but rather, are governed by [8 U.S.C.] § 1226." 2026 WL 2352042, at *11 (first citing Barbosa da Cunha v. Freden, 175 F.4th 61, 70–71 (2d Cir. 2026); then citing Lopez-Campos v. Raycraft, 175 F.4th 713, 723 (6th Cir. 2026); then citing Cirrus Rojas v. Olson, No. 25-3127, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); then citing Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026); then citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1233, 1246

(10th Cir. 2026); and then citing Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1261–62 (11th Cir. 2026)). Respondents acknowledge that, under this precedent and this Court's prior rulings, Petitioner is entitled to a bond hearing. On the facts before it, and in light of Respondents' concession, the Court does not find reason to deviate from the law of this circuit as established in Guerrero Orellana. Petitioner is subject to 8 U.S.C. § 1226's discretionary detention framework and, accordingly, entitled to a bond hearing.[1]

Regarding Respondents' motion to transfer Petitioner, [ECF No. 8], Respondents agreed at the September 17, 2026 status conference to stay Petitioner's transfer in light of his entitlement to a bond hearing, provided that the bond hearing be expedited. The Court finds this request reasonable, given the current circumstances of Petitioner's detention, and will order that Petitioner's bond hearing be expedited as set forth below, and that Petitioner not be transferred prior to his bond hearing. If Petitioner is denied bond, Respondents may transfer Petitioner as requested in their motion, [ECF No. 8], as the Court's habeas jurisdiction generally does not extend to location-of-confinement challenges, see González-Fuentes v. Molina, 607 F.3d 864, 873 (1st Cir. 2010), and its order prohibiting transfer without notice, [ECF No. 4], was entered "to provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction," [id. at 3].

For the foregoing reasons, Petitioner's petition, [ECF No. 1], is **GRANTED**, and Respondents' motion to transfer Petitioner, [ECF No. 8], is **GRANTED IN PART**.

---

[1] At the September 17, 2026 status conference, Petitioner's counsel reiterated Petitioner's request for immediate release. As the Court explained on the record then, immediate release is not an appropriate remedy at this stage. The Court will not order Petitioner's release before an immigration judge has determined whether he is a danger or a flight risk. If Petitioner is denied bond and believes his bond hearing failed to satisfy the minimum requirements of due process, he may seek further relief from this Court.

Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) no later than end of day September 18, 2026, if reasonably possible, or otherwise by end of day September 21, 2026. In that bond hearing, the immigration judge must expressly state the following findings on the record:[2]

(1) whether the government has "prove[d] by clear and convincing evidence that [Petitioner] poses a danger to the community or . . . by a preponderance of the evidence that [he or] she poses a flight risk"; and
(2) if the government has carried its burden:
  (a) the particular evidence by which the government carried its burden;
  (b) how the immigration judge "considered . . . [and] weighed . . . the information [Petitioner] provided" in relation to the government's evidence;
  (c) the chain of reasoning connecting the evidence to the finding of dangerousness or flight risk; and
  (d) the reasons why less-restrictive alternatives to detention, such as GPS monitoring, would be ineffective to mitigate any risk.

Respondents are **ENJOINED** from denying Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). Respondents are **ORDERED** not to transfer Petitioner before he has had a bond hearing, but they may transfer Petitioner as requested in their motion, [ECF No. 8], if bond is denied. Respondents are **ORDERED** to file a status report within 14 days of this order stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The clerk is directed to enter judgment in favor of Petitioner.

**SO ORDERED.**

September 17, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[2] Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021); Atariguana-Buele v. Warden, Plymouth Corr. Facility, No. 26-cv-12168, 2026 WL 1825934, at *2 (D. Mass. June 25, 2026) (discussing need for immigration judge to thoroughly engage with the record); see Costa v. McDonald, No. 25-cv-13469, 2026 WL 371198, at *2 (D. Mass. Feb. 10, 2026) (collecting cases).